UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.C. BIBLE INSTITUTE, and DR. THOMAS
CORTEZ SPANN, JR. a/k/a DR. T.C. SPANN,

       Plaintiffs,

v.                                          CIVIL CASE NO. 04-60224
                                          HON. MARIANNE O. BATTANI

CITY OF WESTLAND,

       Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court is Defendant's Motion for Summary Judgment (Doc. #7). Plaintiffs filed a two-count complaint alleging the City of Westland ("City") unconstitutionally confiscated their property by improperly levying taxes on exempt property. The alleged taking occurred when the land forfeited to the State of Michigan ("State") to satisfy the delinquent property tax assessments. Plaintiffs contend the City's actions amount to an unlawful taking in violation of their Fifth Amendment rights, and are an interference with their parishioners' First Amendment rights securing religious freedom. In both Counts, Plaintiffs ask the Court to order the City to grant tax exempt status to the property and refund any tax payments Plaintiffs have remitted in the past.

Plaintiff Dr. Thomas Cortez Spann ("Spann") acquired eleven unimproved lots ("the property") located in the City of Westland on September 27, 1979. On March 20, 1981, Spann quitclaimed his interest in the property to T.C. Spann Bible Institute ("T.C. Bible"). Plaintiffs

contend that the property was given tax exempt status by the Westland Assessor Board on April 3, 1981.  Plaintiffs further contend that this resolution was never revoked.  However, on May 27, 1982, T.C. Bible paid delinquent taxes on seven of the eleven lots, and because of a lack of funds, abandoned its interest in the remaining parcels.

In 1983, the property forfeited to the State for nonpayment of property taxes.  The State deeded the property to Defendant on July 19, 1984.  The deeds were recorded on August 10, 1984.  Then, on July 31, 2000, Defendant filed suit against T.C. Bible to quiet title to the property.  Plaintiffs do not dispute that four of the eleven lots forfeited to the State in 1983; however, Plaintiffs contend that they never received notice of delinquent tax bills or a notice of the right to redeem the remaining seven lots.  On September 21, 2001, the Wayne County Circuit Court held that Defendant held fee simple in the four lots that forfeited to the state in 1983, but also held that T.C. Bible could redeem its interest in the remaining seven lots if payment of delinquent property taxes was forthcoming in the next six months.

Following the quiet title action, a dispute arose as to the appropriate amount of money Plaintiffs would have to pay to redeem the property.  On August 2, 2002, the parties entered into a Consent Judgment, where they reached an agreement regarding the amount due.  T.C. Bible remitted the payment agreed to in the Consent Judgment.  However, T.C. Bible then appealed the circuit court judgment.  The appeal was dismissed as untimely, and also because Plaintiffs entered a consent judgment, which is not appealable as a matter of right under Michigan law.

T.C. Bible then filed a motion for relief from judgment in Wayne County Circuit Court seeking to overturn the earlier circuit court decision finding delinquent taxes were in fact owed to Defendant.  This motion was denied on February 2, 2004.  Still undeterred, T.C. Bible filed

another suit in Wayne County Circuit Court against the City appealing the City's denial of tax exempt status for the property. The court ruled that the property did not meet the eligibility requirements for tax exempt status in a June 16, 2004, hearing. Suit in this Court followed. Defendant filed the instant motion claiming the suit is barred because: 1) the merits of Plaintiffs' arguments have already been decided in state court judgments, and therefore barred by claim and issue preclusion; 2) the Rooker-Feldman Doctrine prohibits this Court from acting as an appellate court for state court decisions, and; 3) Plaintiffs failed to exhaust their administrative remedies.

## II.   STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As the United States Supreme Court has ruled:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex,

477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984)(citation omitted)(quoting Black's Law Dictionary 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50. "No genuine issue of material fact exists when the 'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Michigan Paytel Joint Venture v. City of Detroit, 287 F.3d 527, 534 (6th Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The evidence itself need not

be the sort admissible at trial.  Tinsley v. General Motors Corp., 227 F.3d 700, 703 (6th Cir. 2000).  However, the evidence must be more than the nonmovant's own pleadings and affidavits.  Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001).  The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant.  Anderson, 477 U.S. at 252.

**III.    ANALYSIS**

      **A.    Spann Cannot Represent T.C. Bible.**

The Court recognizes that Spann cannot represent T.C. Bible in this action.  Dr. Thomas Cortez Spann, Jr., a natural person, is purporting to represent plaintiff T.C. Bible Institute *pro se*.  Spann is not licensed to practice law in any jurisdiction.  28 U.S.C. § 1654 states that "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel."  However, this does not allow an individual to appear *pro se* - "for oneself" - on behalf of others.  It is well settled law that a non-natural person, i.e., an "artificial entity," may not appear in the courts of the United States other than through an attorney.  See, e.g. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201- 202 (1993).

      **B.    Claim and Issue Preclusion.**

           **1.    Issue Preclusion.**

Issue preclusion only applies "where the basis of the prior judgment can be ascertained clearly, definitely and unequivocally."  People v. Gates, 434 Mich. 145, 158 (1990).  Therefore, it must first be determined what the state court clearly, definitely, and unequivocally decided.  In a June 16, 2004, hearing, the Honorable Daphne Means Curtis held that T.C. Bible was not entitled to tax exempt status for the property in question because it did not meet the requirements

5

under applicable Michigan law.  T.C. Spann Bible Institute v. City of Westland, Case No. 04-405432-AV (Third Judicial Circuit Court for the County of Wayne, June 16, 2004).  This ruling was later reiterated in a motion hearing to reinstate the case on June 25, 2004.  T.C. Spann Bible Institute v. City of Westland, Case No. 04-405432-AV (Third Judicial Circuit Court for the County of Wayne, June 25, 2004).

Next, once it has been determined what the state court actually decided, it must be determined if: "(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding."  NAACP v. Detroit Police Officers' Ass'n., 821 F.2d 328, 330 (6th Cir. 1987)(footnotes omitted).  Each of Plaintiffs' claims will be analyzed in turn.

There are two possible ways of interpreting Plaintiffs' First Amendment claim: 1) that the City's taking of the property interfered with their right to religious freedom by unlawfully taking ecclesiastical property, or; 2) The City discriminatorily denied Plaintiffs tax exempt status on the property because other churches were granted that status for unimproved ecclesiastical property.

The first possible reading of the pleadings is foreclosed by issue preclusion.  The precise issue raised in the present case was raised and actually litigated in the prior state court proceedings.  The eligibility of the property in question for ecclesiastical tax exempt status was determined under Michigan law; i.e., if the property was not ecclesiastical property, then the forfeiture for nonpayment of taxes could not interfere with their religious freedoms.  The prior

6

proceeding resulted in a final judgment on the merits, and Plaintiffs had a full and fair opportunity to litigate the issue in the prior proceedings.

The second possible reading of Plaintiffs' claim results in a different outcome. Looking at Spann's attached affidavit, it appears that he alleges the City discriminated against his church in its decision not to grant tax exempt status to the property. The merits of this claim were not reached in the state court judgment. Because the other elements of issue preclusion are met, the question becomes whether resolving the issue of unconstitutional application of the statute was necessary to the outcome of the prior state court proceedings. The Court finds that it was not necessary for the state court to decide if the City engaged in unlawful discrimination to determine that the property did not meet the eligibility requirements for tax exemption. Therefore, Plaintiffs' First Amendment claim is not foreclosed by this doctrine.

However, Plaintiffs' Fifth Amendment claim is barred. Because there can be no unlawful taking if the taxes were properly assessed, the crux of the taking issue was necessarily raised and litigated in the prior proceeding. Further, the remaining requirements are met: the determination of tax exempt status was necessary to the outcome of the prior proceeding, the prior proceeding resulted in a final judgment on the merits, and Plaintiffs had a full and fair opportunity to litigate the issue in the prior proceeding.

### 2. Claim Preclusion

Claim preclusion forecloses not only relitigation of all claims actually litigated in a prior action between the same parties, but also any claims arising out of the same transaction that could have been litigated. Under Michigan law, there are four requirements for claim preclusion: (1) the prior action must have been decided on the merits; (2) the resultant decree in

the prior action must have been a final decision; (3) the issues in the second action must have been either resolved or capable of resolution in the first; and (4) both actions must involve the same parties or their privies.  See Ditmore v. Michalik, 625 N.W.2d 462, 466 (Mich. Ct. App.2001); Baraga County v. State Tax Comm'n, 622 N.W.2d 109, 111 (Mich. Ct. App. 2000), reversed on other grounds, 645 N.W.2d 13.  ". . . Michigan law defines claim preclusion broadly to preclude relitigation of all claims actually litigated in a prior action between the same parties and those claims arising out of the same transaction that could have been litigated."  Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 394 (6th Cir. 2002)(citations omitted).

     Here, all four requirements for claim preclusion are met.  The Wayne County Circuit Court reached the merits of Plaintiffs' claim to entitlement of tax exempt status.  Def.'s Exs. G & H.  The decision was a final decision by virtue of the denial of the motion for rehearing by the Court of Appeals for the State of Michigan.  Def.'s Exs. E & J.  Thus, Plaintiffs' Fifth Amendment claim is barred.  Further, the issues raised in the case at bar were capable of being resolved in the state court actions, and both the state court actions and the case at bar involve the same parties.  Therefore, the Court is also precluded from hearing Plaintiffs' First Amendment claim because the issues in this suit were resolved, or capable of resolution, in the previous state court actions.

     Moreover, because Plaintiffs freely negotiated a consent judgment regarding the forfeiture,  the "parties waive their right to litigate the issues involved in the case . . . ."  U.S. v. Armour & Co., 402 U.S. 673, 681 (1971).  "A consent judgment, which has been freely negotiated by the parties and has been approved by the court, has the full effect of final judgment for purposes of claim preclusion."  Blakely v. U.S., 276 F.3d 853, 866, 867-68 (6th Cir. 2002).

The doctrine of claim preclusion, therefore, bars Plaintiffs from litigating the issues involved in the forfeiture action, and Plaintiffs cannot now seek judicial review of the propriety of the tax assessment, which is the cornerstone of both of Plaintiffs' claims, when the propriety of the assessment was agreed to by both parties. See also Dora v. Lesinski, 88 N.W.2d 592 (Mich. 1958); Trupski v. Kanar, 115 N.W.2d 408 (Mich. 1962); Wold v. Jeep Corp., 367 N.W.2d 421 (Mich. App. 1985).

Because the Court is barred from hearing either of Plaintiffs' claims under the doctrine of *res judicata*, the remaining grounds for dismissal will not be discussed.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: September 30, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Dr. T.C. Spann and Gregory Roberts on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
CASE MANAGER